JOBE v. CHEDISTER AND WIFE.

VENDOR'S LIEN    *Waiver.*   Taking a note, not by way of security, but as a mode of payment of the price of land, is a waiver of the lien.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

S. J. KIRKPATRICK for complainant.

J. G. DEADERICK for defendants.

FREEMAN, J., delivered the opinion of the court.

Complainant sold to the defendant, making a deed to the wife, a lot in Johnson City. In part payment he received a note on one Miller, who was a house-carpenter and then at work for him, and to whom he was indebted. He failed to collect a balance on this Miller note, and now files his bill to enforce his supposed lien.

The only real question in the case is, whether the note was taken as an absolute payment, or only as a means of realizing the debt, which, if not collected in this way, would still remain against the purchaser. The case of *Denny* v. *Steakly & Goff*, 2 Heis., 156, apparently goes on the idea that, in such a case, on failure to realize the money on a note thus paid for

Jobe *v.* Chedister.

land, the original lien remains, independent of the question of intention, or as a matter of legal inference. But it is evident such could not have been the meaning of the learned chief justice, and if it was it is not correct. The opinion of Judge Turney, in same volume, p. 169, holds that where the notes are taken as an absolute payment the lien is discharged, as is the debt. There can be no doubt this is the law of the case.

On the facts we need but say the weight of the proof is, the note was taken as an absolute payment. Complainant, in his deposition, rather sustains his view of the matter, but respondent is more definite and distinct to the contrary. Admit them to be of equal weight, and the written receipt in the face of the deed of this note in payment, together with the fact of an after settlement and ascertained indebtedness from complainant to defendant, without mentioning this claim, together with all the other circumstances, make the scale turn decidedly in favor of respondent.

Reverse the decree and dismiss the bill with costs.